UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| ELLE GRAYSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:20-cv-04221-SLD-JEH |
| | ) |
| SEAN C. VERYZER, Illinois State Police Sergeant, in his individual capacity, | ) |
| | ) |
| Defendant. | ) |

ORDER

Before the Court are Defendant Sean C. Veryzer's Motion to Enforce Settlement Reached January 3, 2024, ECF No. 113, and Plaintiff Elle Grayson's Combined Response to Defendant's Motion to Enforce Settlement and Cross Motion to Enforce Settlement, ECF No. 115. For the following reasons, Defendant's motion is DENIED and Plaintiff's motion is GRANTED IN PART.

BACKGROUND

In October 2020, Plaintiff filed suit pursuant to 42 U.S.C. § 1983 and state tort law alleging wrongdoings committed by Defendant during a traffic stop. *See generally* Compl., ECF No. 1. The parties settled their dispute during a settlement conference on January 3, 2024. Jan. 3, 2024 Min. Entry (Hawley, M.J.) ("Settlement reached. Parties directed to file a Stipulation to Dismiss upon full execution of the settlement agreement by 2/17/24."). Since January 2024, the parties have exchanged multiple drafts of a written settlement agreement but have been unable to come to a consensus on the exact verbiage. Both Plaintiff and Defendant now ask the Court to enforce the oral settlement agreement reached on January 3, 2024.

1

## DISCUSSION

I.  **Motion to Enforce Settlement**

A district court has the inherent or equitable power to enforce a settlement agreement in a case pending before it. *Wilson v. Wilson*, 46 F.3d 660, 664 (7th Cir. 1995). A settlement agreement is a contract and is therefore governed by state law. *Id.* at 666. "Oral settlement agreements are enforceable under Illinois law if there is clearly an offer and acceptance of the compromise and a meeting of the minds as to the terms of the agreement." *Dillard v. Starcon Int'l, Inc.* (*Dillard II*), 483 F.3d 502, 507 (7th Cir. 2007) (quotation marks omitted). To enforce an agreement, the material terms "must be definite and certain." *Quinlan v. Stouffe*, 823 N.E.2d 597, 603 (Ill. App. Ct. 2005). Whether there was a meeting of the minds on material terms is determined by objective manifestations of assent rather than subjective states of mind. *All. for Water Efficiency v. Fryer*, No. 14 C 115, 2014 WL 5423272, at *6 (N.D. Ill. Oct. 22, 2014) ("[T]he inquiry will focus not on the question of whether the subjective minds of the parties have met, but on their outward expression of assent as evidenced by the language used, the contract's purpose, and all of the relevant circumstances surrounding the contract's formation.").

a. **Analysis**

The parties concur that a settlement agreement was indeed reached at the conference on January 3, 2024. Def. Mot. Enforce Settlement 2 ("The parties entered into an enforceable agreement on January 3, 2024."); Pl. Resp. & Cross Mot. Enforce Settlement ¶ 1, ("On January 3, 2024, Plaintiff and [Defendant] reached a settlement of this action during a settlement conference conducted by this Court (Hawley, M.J.)."). Magistrate Judge Jonathan E. Hawley expressed the terms of the settlement agreement as follows:

> My understanding of the material terms of that settlement is that, in exchange for a payment in total to the Plaintiff of $45,000, that she agrees to sign a stipulation of

2

> dismissal and release the Defendant of all claims pursuant to a standard settlement agreement; that a stipulation of dismissal should be filed upon full execution of the settlement documents . . . .

Audio Recording: Settlement Conference, held by Magistrate Judge Jonathan E. Hawley, at 01:15–41 (Jan. 3, 2024) (on file with Clerk's Office). Both parties' attorneys, as well as Plaintiff herself, expressly assented that Judge Hawley had accurately recounted the material terms of the settlement. *Id.* at 01:45–02:24; *see also Gevas v. Ghosh*, 566 F.3d 717, 719 (7th Cir. 2009) ("[W]e have encouraged judges presiding over settlement conferences to dictate to a court reporter their understanding of settlement terms and make sure that the parties agree on the record to those terms.").

Defendant asserts that the parties' dispute over verbiage arises out of their different interpretations of "standard settlement agreement," particularly Plaintiff's requirement that there be a mutual release. Def. Mot. Enforce Settlement 3. Plaintiff seemingly resolves this dispute because she no longer insists on a mutual release. Pl. Resp. & Cross Mot. Enforce Settlement ¶¶ 25, 30. But Defendant's preferred draft of the written agreement still includes a release of non-party State of Illinois. Mar. 29, 2024 Draft Settlement Agreement ¶ 4, Pl. Status Report Ex. 5, ECF No. 110-5. Plaintiff objects to this addition and points out that "no release for the State was ever discussed during the January 3 settlement conference, and this Court's January 3 recital of the material terms of the Oral Settlement did not refer to the State's receipt of a release." Pl. Resp. & Cross Mot. Enforce Settlement ¶¶ 4(a), 27. The fact that a release of the State of Illinois was not mentioned during the settlement conference strongly indicates that that provision is not material. Defendant's attorney affirmed that Judge Hawley had accurately recounted the material terms of the settlement agreement and no mention was made of a release for the State of Illinois. *See Dillard II*, 483 F.3d at 507–08 (finding an additional term to be immaterial when it

3

"was not even mentioned during the parties' oral negotiations"). To the extent Defendant asks the Court to enforce his preferred draft of the written settlement agreement, the Court DENIES Defendant's motion because that agreement adds additional immaterial terms. *See Dillard v. Starcon Int'l, Inc.* (*Dillard I*), No. 03 C 9408, 2005 WL 8177361, at *6 (N.D. Ill. Dec. 2, 2005), *aff'd*, 483 F.3d 502 (7th Cir. 2007) ("The Court cannot conclude that there was no meeting of the minds with regard to the terms that were negotiated, simply because [one party] failed to raise other issues until after the agreement had been reached.").

Defendant summarizes the material terms as "a settlement sum will be paid for full release of all claims." Def. Mot. Enforce Settlement 3. Plaintiff's preferred draft of the written agreement tracks the language of the material terms as recited by Judge Hawley on January 3, 2024, and "agrees simply to give [Defendant] a release in exchange for payment of the settlement amount." Pl. Resp. & Cross Mot. Enforce Settlement ¶ 9(a); Apr. 11, 2024 Draft Settlement Agreement, Pl. Resp. & Cross Mot. Enforce Settlement Ex. 1, ECF No. 115-1. The Court finds that the material terms of the oral settlement agreement are "definite and certain," *Quinlan*, 823 N.E.2d at 603, and consist of (1) a $45,000 payment to Plaintiff, in exchange for (2) a release of all claims against Defendant and dismissal of this suit. *See Elustra v. Mineo*, 595 F.3d 699, 709 (7th Cir. 2010) ("We find that the material terms were definite and certain: defendants would pay $6,000 to the Elustras in exchange for their dismissal of the lawsuit."); *Dillard II*, 2005 WL 8177361, at *7 (finding that "the parties orally agreed to and [were] bound by" terms that were "sufficiently definite and enforceable"). The Court accordingly GRANTS Plaintiff's motion to enforce the oral settlement agreement reached on January 3, 2024.

Plaintiff additionally requests that the Court order this action dismissed without prejudice and requests that she be granted leave to reinstate the action if payment is not made within thirty

4

days.  Pl. Resp. & Cross Mot. Enforce Settlement ¶ 31(c)–(d).  The oral settlement agreement, however, provides that the parties will file a stipulation of dismissal which, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), does not require a court order.  Audio Recording: Settlement Conference at 01:35–41; Fed. R. Civ. P. 41(a)(1)(A)(ii) (providing that a plaintiff may dismiss an action without a court order by filing "a stipulation of dismissal signed by all parties who have appeared").  Accordingly, Plaintiff's request for a court order of dismissal appears inconsistent with the settlement agreement she seeks to enforce.  Moreover, the Seventh Circuit has "repeatedly criticized the practice of dismissing suits . . . with leave to reinstate," *Goss Graphics Sys., Inc. v. DEV Indus., Inc.*, 267 F.3d 624, 626 (7th Cir. 2001), and "treat[s] a dismissal with leave to reinstate as if it were a stay." *Balt. & Ohio Chi. Terminal R.R. Co. v. Wis. Cent. Ltd.*, 154 F.3d 404, 408 (7th Cir. 1998).  "The right time to dismiss a case is when the dispute between the parties has been definitively and finally resolved, not when it seems likely to be resolved." *Goss Graphics Sys., Inc.*, 267 F.3d at 626.  The Court DENIES Plaintiff's request for the Court to order this suit dismissed without prejudice and with leave to reinstate the action.

## CONCLUSION

For the foregoing reasons, Defendant Sean C. Veryzer's Motion to Enforce Settlement Reached January 3, 2024, ECF No. 113, is DENIED and Plaintiff Elle Grayson's Combined Response to Defendant's Motion to Enforce Settlement and Cross Motion to Enforce Settlement, ECF No. 115, is GRANTED IN PART.  The parties are directed to file a stipulation of dismissal upon execution of the settlement documents within thirty days of entry of this Order.

Entered this 27th day of August, 2024.

s/ Sara Darrow
SARA DARROW
CHIEF UNITED STATES DISTRICT JUDGE
