IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| ELLE GRAYSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 20-4221-SLD-JEH |
| | ) |
| SEAN C. VERYZER, Illinois State Police Sergeant, in his individual capacity; | ) ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S
REQUEST FOR PAYMENT DEADLINE**

The Defendant, SEAN C. VERYZER, by and through his attorney, Kwame Raoul, Attorney General of the State of Illinois, provides the following in response to Plaintiff's request for a payment deadline [Doc. 117 & Text Order entered Sep. 27, 2024]:

**Introduction and Background**

On August 27, 2024, this Court entered an order as to the parties' respective motions to enforce the settlement reached in this matter. [Doc. 116]. The Court determined that the material terms were that (1) a payment to Plaintiff of $45,000 would be issued in exchange for (2) a release of all claims against Defendant and dismissal of this suit. [*Id*. at 8]. The Court did not order payment by a date certain. [*Id*.]

There is no record of a date-certain for payment of the settlement sum in the record. Plaintiff, in her cross-motion to enforce, did not cite to any language or agreement of the parties that included a date certain for payment of the settlement sum. [Doc. 115]. All references to dates were in order for the parties to execute the agreement, which Plaintiff notes was completed on September 11, 2024. [Doc. 117 at 2, ¶ 4].

On September 26, 2024, Plaintiff filed a motion requesting an extension to file a stipulation of dismissal and to set a deadline of 28 days for Defendant to pay the settlement sum to Plaintiff. [Doc. 117]. The following day, on September 27, 2024, this Court granted Plaintiff's motion in part, extending the deadline for the parties to file a stipulation to dismiss, and reserved ruling on the request for a deadline for issuance of payment. [Text order entered Sep. 27, 2024]. Defendant was directed to respond to the latter issue by October 4, 2024.

Defendant objects to the imposition of a deadline for payment for the following reasons, which will be argued below. First, there was no agreement reached on timing of payment; accordingly, no deadline aside from a reasonable date may be imposed. In addition, no deadline imposed against Defendant will be necessary because the Office of Attorney General has submitted the packet to the holder of the fund (Central Management Services) and as soon as the internal processes are completed, it will be submitted to the Illinois Comptroller to issue a check. For these reasons, the Court should deny Plaintiff's request for the imposition of a deadline for payment.

**Argument**

I. **The absence of a deadline in the parties' agreement forecloses Plaintiff's request.**

A settlement agreement, as a contract, is interpreted according to the law of the jurisdiction in which it was created. *In re Motorola Securities Litigation*, F.3d 511, 517 (7th Cir. 2011). In Illinois, "[s]ettlement agreements are construed and enforced under principles of contract law." *Gallagher v. Lenart*, 367 Ill.App.3d 293, 301 (1st Dist. 2006), *citing Swiatek v. Azran*, 359 Ill.App.3d 500, 503 (1st Dist. 2005). Under contract law, the plain language of the contract best demonstrates the parties' intent. *Id*. "A written contract is presumed to include all material terms agreed upon by the parties." *Id*., *citing K's Merchandise Mart, Inc. v. Northgate*

*Ltd Partnership*, 359 Ill.App.3d 1137, 1142 (4th Dist. 2005).  A presumption exists against provisions that easily could have been included in the contract but were not.  *Id*.

The parties did not include any language specifying when payment was to be made. The release has been executed and the paperwork has been finalized on the defense end. Even though this Court ultimately enforced certain terms, this Court never found that there was a performance deadline as part of the agreement. Neither have the parties agreed in principle or in writing as to a performance date.

Because a court cannot alter, change, or modify the existing terms of a contract or add new terms or conditions, *see Gallagher*, 367 Ill.App.3d at 301-02, the Court cannot impose such terms specifying a date of performance, and must "imply a reasonable time for performance." *Guel v. Bullock*, 127 Ill.App.3d 36, 42 (1st Dist. 1984).  What constitutes a "reasonable time" is a factual question depending on the specific circumstances of each case.  *Id*.; *see also Kane v. McDermott*, 191 Ill.App.3d 212, 218-19 (4th Dist. 2004). The settlement release was fully executed by the parties on September 11, 2024. An unreasonable time has not yet passed warranting this Court to set a payment deadline.

If the intent is that a contract be performed as soon as possible, then there should be express language in the contract that "time is of the essence." *Guel*, 127 Ill.App.3d at 42. No such language was included in this release, so Plaintiff cannot ask the Court to impose the deadline that she requests.

II.     **No order is necessary in this matter.**

Even so, no order is necessary here. The paperwork has been submitted to Central Management Services, which holds the account at issue pursuant to 20 ILCS 405/405-105(12). Payment will ultimately come from the Illinois State Comptroller once the paperwork has been

processed. Neither Defendant nor the undersigned counsel control the payment process at this point but will check back on the matter periodically and offered to provide updates to Plaintiff's counsel. Although it is possible that it could be paid out within the next few weeks, the undersigned cannot guarantee a payment date and would not in good faith be able to give a date at this juncture.

Payment of the settlement sum will be made. Because the agreement is contingent on dismissal in exchange for payment, the undersigned is willing to provide an update in coming weeks and agrees to request to extend the deadline to file a stipulation to dismiss if payment cannot be made by the current October 31 deadline.

WHEREFORE, for these reasons, Defendant respectfully requests that this Court deny Plaintiff's request for a payment deadline.

Respectfully submitted,

SEAN C. VERYZER, Illinois State Police Sergeant, in his individual capacity,

Defendant,

KWAME RAOUL, Attorney General, State of Illinois,

Lisa Cook, #6298233
Assistant Attorney General                             Attorney for Defendant,
500 South Second Street
Springfield, Illinois 62701
(217) 782-5819 Phone           By:    s/Lisa Cook
(217) 524-5091 Fax                    Lisa Cook
E-mail: lisa.cook@ilag.gov            Assistant Attorney General
          gls@ilag.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**ROCK ISLAND DIVISION**

| | |
|---|---|
| ELLE GRAYSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 20-4221-SLD-JEH |
| | ) |
| SEAN C. VERYZER, Illinois State Police | ) |
| Sergeant, in his individual capacity; | ) |
| | ) |
| Defendant. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on October 4, 2024 I caused to be electronically filed the foregoing ***DEFENDANT'S RESPONSE TO PLAINTIFF'S REQUEST FOR PAYMENT DEADLINE*** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Douglas B. Harper douglasharper@dbharperlaw.com

Respectfully Submitted,

s/Lisa Cook
Lisa Cook #6298233
Assistant Attorney General
500 South Second Street
Springfield, IL  62701
Telephone: (217) 782-5819
Facsimile: (217) 524-5091
E-mail:  lisa.cook@ilag.gov